UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 04-2-DLB

JAMES D. BACK                                                                                    PLAINTIFF

vs.                                          <u>MEMORANDUM OPINION</u>

JO ANNE B. BARNHART,
**Commissioner of Social Security**                                                        DEFENDANT

    This matter is before the Court on petition of Plaintiff's counsel for an award of fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, for services rendered in connection with the proceedings before this Court (Doc. #18). Counsel seeks a fee award of $2,125.00, representing 17.0 service hours at a requested rate of $125.00 per hour.

    The EAJA provides that an award of fees and other expenses shall be made where (1) the party opposing the United States prevailed, (2) the position taken by the United States was not substantially justified, (3) a legally sufficient petition requesting fees, (4) is filed in a timely manner. 28 U.S.C. § 2412(d)(1)(B). Of these factors, Defendant's opposition is directed to the third, the sufficiency of counsel's petition. More specifically, Defendant objects to the $125.00 hourly rate requested by Plaintiff's counsel.

    The EAJA allows for a prevailing party to recover legal fees in actions adverse to the United States. 28 U.S.C. § 2412(d)(1)(A). The amount of the fee is calculated "based upon prevailing market rates for the kind and quality of the services furnished[.]" 28 U.S.C. § 2412(d)(2). The historical fee reimbursement rate within this district is a relevant inquiry when looking at appropriate community rates. *London v. Hatter,* 134 F. Supp. 2d 940, 941-

42 (E.D. Tenn. 2001). For the past several years the customary rate used within this district for such legal services has been $100.00 per hour. The current amendments to the EAJA set a statutory maximum fee rate of $125.00 per hour, *see* 28 U.S.C. § 2412(d)(2)(A), but this is a statutory cap and courts may award reasonable fees at any hourly rate below the cap that are in line with prevailing market rates. *Begley v. Secretary of Health & Human Servs.,* 966 F.2d 196, 199 (6th Cir. 1992). In addition, the maximum rate provided by statute can be exceeded in certain circumstances where proof of special factors or cost of living justify an increase in the rate above the statutory cap. 28 U.S.C. § 2412(d)(2)(A); *Begley,* 966 F.2d at 200.

In this case, Plaintiff's counsel requests an hourly rate of $125.00 per hour. In support of this requested per hour rate, counsel submits that although the statutory cap is $125.00 per hour, "there has been an increase of the cost of living since the implementation of the Equal Access to Justice" (*see* Doc. #18, Plaintiff's motion, at ¶ 6); that factoring in the national consumer price index would actually result in a current hourly fee rate of $128.13 (*see* Doc. #18, attachment 1, declaration of counsel, at ¶ 2); but that counsel agrees to charge a reduced hourly rate of $125.00.

The flaw in counsel's request is that it starts off with the premise that fees are awarded at the $125.00 per hour statutory maximum rate. Counsel overlooks the plain language of the statute, which dictates that the first consideration is what reasonable and customary fee rate should be awarded based on the prevailing rate charged for comparable work in this community. Counsel has not offered any information on what prevailing rate is charged for comparable work in the community of the Pikeville Division. The customary fee awarded for matters of this type has historically been $100.00 per hour. Since counsel

fails to provide proof of reasonable and customary attorney fee rates for comparable work in this community equal to or exceeding the current $125.00 per hour cap, the Court can therefore discern no reason to depart from this $100.00 per hour figure customarily utilized for awards in Pikeville Division Social Security cases.

Perhaps consideration of an adjustment to the historical $100.00 per hour rate is warranted, given that this rate has now been utilized for the past several years.  However, Plaintiff's counsel did not provide evidence that the prevailing market rates have now increased.  Without such, there is no record basis for the Court to consider deviating from the $100.00 historical figure.

Accordingly, Plaintiff's counsel will be awarded $1,700.00 in fees in this matter, representing compensation for services at the customary rate of $100.00 per hour for 17.0 hours of service.

This 18th day of May, 2005.



Signed By:
*David L. Bunning*  DB
United States District Judge

G:\DATA\SocialSecurity\Fee Orders\04-2-PikevilleRateOpinion.wpd